UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF      ) | Case No. 1:22-mj-00030-JCN |
| INFORMATION ASSOCIATED WITH          ) | |
| META PLATFORMS, INC. ACCOUNT      ) | FILED UNDER SEAL |
| IDENTIFIER TOMMY.DUARTE.351          ) | |
| (100011585795797)                                      ) | |

**APPLICATION FOR ORDER COMMANDING META PLATFORMS, INC.
NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT
AND REQUEST TO SEAL**

The United States of America, by and through its attorneys Darcie N. McElwee, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, respectfully requests that the Court order Meta Platforms, Inc., formerly known as Facebook, Inc., not to notify any person (including the subscribers and customers of the accounts listed in the above-referenced search warrant) of the existence of the warrant for 90 days, until May 30, 2022.

Meta Platforms, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-referenced warrant, which requires Meta Platforms, Inc. to disclose certain records and information to the Government. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the above-referenced search warrant relates to an ongoing criminal investigation that is neither public nor known to the subject of the investigation, and its disclosure may alert the subject to the ongoing investigation.

Accordingly, there is reason to believe that notification of the existence of the above-referenced search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the subject the opportunity to destroy or tamper with evidence, change patterns of behavior or flee prosecution. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Much of the evidence in this investigation may be stored electronically. If alerted to the existence of the warrant, the subject could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage.

For these reasons, the United States respectfully requests that the Court grant the attached Order directing Meta Platforms, Inc. not to disclose the existence or content of the search warrant until May 30, 2022, except that Meta Platforms, Inc. may disclose the above-referenced search warrant to an attorney for Meta Platforms, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until May 30, 2022. As noted above, these documents relate to an ongoing criminal investigation that is neither public nor known to the subject of the investigation, and the disclosure of these documents could alert the subject to the ongoing investigation. Good cause exists to seal these documents because their premature disclosure may jeopardize that investigation.

Dated: February 28, 2022				DARCIE N. MCELWEE
							UNITED STATES ATTORNEY


							/s/ Andrew K. Lizotte
							Andrew K. Lizotte
							Assistant United States Attorney